# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| RAASHIDA A.S. EL-SCARI, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:19-00179-CV-RK |
| COMPREHENSIVE MENTAL HEALTH SERVICES, JULIE PRATT, ANTONIA WYATT, | ) |
| Defendants. | ) |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

Before the Court is Defendants Comprehensive Mental Health Services, Julie Pratt, and Antonia Wyatt ("Defendants")' Motion to Dismiss for Failure to State a Claim, or in the alternative, Motion for More Definite Statement. (Doc. 15.) After careful consideration, the Motion for More Definite Statement is **GRANTED**, and the Motion to Dismiss is **DENIED**.

Plaintiff Raashida El-Scari ("Plaintiff") brings this action and alleges race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Missouri Human Rights Act ("MHRA"). (Doc. 6.) In the Motion for More Definite Statement, Defendants ask that Plaintiff be required to clearly identify the claims under which she is seeking relief, as well as provide the following allegations regarding her identified claims under Title VII and the MHRA: what protected activity she participated in and what actions were done in retaliation for her protected activity. In the alternative to a more definite statement, Defendants seek dismissal of all of Plaintiff's claims. Defendants also seek a dispositive ruling as to whether Defendants Julie Pratt and Antonia Wyatt are proper defendants in this action.

Federal Rule of Civil Procedure 12(e) provides, "[a] party may move for a more definite statement of a pleading to which a responsive statement is allowed but which is so vague or ambiguous that a party cannot reasonably prepare a response." However, a Rule 12(e) motion cannot be used as a tool to narrow the issues in the case or ask the court to address the merits. *Tinder v. Lewis Cty. Nursing Home Dist.*, 207 F. Supp. 2d 951, 960 (E.D. Mo. Sept. 28, 2001). The motion for more definite statement is not a substitute for discovery, and if the motion for more

definite statement seeks information that could otherwise be obtained through discovery, the motion should be denied. *Allstate Indem. Co. v. Dixon*, 304 F.R.D. 580, 582 (W.D. Mo. Feb. 12, 2015).

The Court finds Plaintiff's Complaint vague and ambiguous such that Defendants cannot properly provide a responsive pleading. Defendants are not using this remedy to narrow the issues in this case or as an avenue to seek discovery. Accordingly, within fourteen (14) days of the date of this Order, Plaintiff shall file an amended complaint, setting forth a more definite statement of her claims, including the information specified in Defendants' Motion to Dismiss and any other necessary facts in support. Failure to comply with this Order will result in dismissal of the case without further notice.[1] The Clerk's Office is directed to mail a copy of this Order to Plaintiff via regular mail.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: June 3, 2019

---

[1] Fed. R. Civ. P. 12(e) provides that if the motion is granted, and the order for a more definite statement "is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order."